**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**ADINO FRANCIS, Defendant**

Case No. SX-13-CR-267

Superior Court of the Virgin Islands

Division of St. Croix

April 21, 2016

MOLLOY, *Judge*

## MEMORANDUM OPINION

April 21, 2016

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss filed on March 18, 2016. Defendant, Adino Francis ("Francis"),

151

requests that the Court dismiss the Information because the People of the Virgin Islands (the "People") violated his Sixth Amendment right to a speedy trial. The People filed an opposition on April 5, 2016. For the reasons stated below, the Court will deny the motion.

## I. PROCEDURAL BACKGROUND

On June 25, 2013, Francis was arrested for allegedly breaking and entering into a dwelling and stealing property from the owner of that dwelling. On July 16, 2013, the People filed a three-count Information charging Francis with the following violations of territorial law: burglary in the third degree, in violation of 14 V.I.C. § 444(1); possession of stolen property, in violation of 14 V.I.C. § 2101(b); and trespass, in violation of 14 V.I.C. § 1741(a).

One day after his arrest, Francis appeared before a magistrate and was advised of his rights. At the advice of rights hearing, the magistrate set bail at $25,000.00 and conditioned Francis' release upon posting cash in the amount of $2,500.00 and signing an unsecured bond in the amount of $22,500.00 or posting real property with an unencumbered fair market value of at least $50,000.00. The magistrate also placed Francis under 24-hour house arrest without the use of an electronic monitor as a condition of his release.

On July 17, 2013, the Court held an arraignment hearing, at which time Francis pled not guilty to the charges and asserted his right to a speedy trial. One day after his arraignment, Francis submitted the sufficient sureties and was subsequently released from pre-trial custody on July 18, 2013.

On January 21, 2015, the Court approved a stipulated motion submitted by the parties allowing Francis to leave his residence from Mondays through Fridays between the hours of 8:00 a.m. and 6:00 p.m. for purposes of employment.

This case is currently scheduled for jury selection and trial on May 16, 2016.

## II. DISCUSSION

■ The Sixth Amendment to the U.S. Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. A defendant's Sixth Amendment

right to a speedy trial is applicable to the Virgin Islands through Section 3 of the Revised Organic Act. *Carty v. People of the Virgin Islands*, 56 V.I. 345, 364 (2012). When a defendant asserts a violation of his or her right to a speedy trial, the Court must apply the four-part balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), which requires an analysis of the following: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530. "None of these factors is 'either a necessary or sufficient condition,' and the factors 'must be considered together with such other circumstances as may be relevant.' " *United States v. Battis*, 589 F.3d 673, 678 (3d Cir. 2009) (quoting *Barker*, 407 U.S. at 533); *see also Carty*, 56 V.I. at 364 ("In weighing these factors, we must evaluate and scrutinize the conduct and actions of the trial court, [the defendant], and the People and the role each played in causing the delay before trial.").

### 1. Length of the Delay

■ The first *Barker* factor — length of the delay — "defines a threshold in the inquiry: there must be a delay long enough to be 'presumptively prejudicial.' " *United States v. Loud Hawk*, 474 U.S. 302, 314, 106 S. Ct. 648, 88 L. Ed. 2d 640 (1986) (quoting *Barker*, 407 U.S. at 530). Generally, "delay is measured from the date of arrest or indictment, whichever is earlier, until the start of trial." *Battis*, 589 F.3d at 678. Because "[t]he length of the delay . . . is a triggering mechanism", there must be some delay that is "presumptively prejudicial" that would necessitate an inquiry in the three remaining factors. *Barker*, 407 U.S. at 530-31. "If the delay is relatively brief, then it is not necessary to consider the other *Barker* factors." *Battis*, 589 F.3d at 678. Conversely, "[i]f the delay is sufficiently long, courts assess the extent to which the delay was long enough to 'intensify' the prejudice caused by the delay." *Id.* In *Doggett*, the United States Supreme Court recognized that "lower courts have generally found post-accusation delay 'presumptively prejudicial' at least as it approached one year." *Doggett v. United States*, 505 U.S. 647, 652 n.1, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992); *Carty*, 56 V.I. at 365 (recognizing that "other circuits have held that a delay that exceeds one year has even been presumed to be sufficiently prejudicial to require evaluation of the three remaining factors"); *People of the Virgin Islands v. Rivera*, 54 V.I. 116, 126 (V.I. Super. Ct. 2010) ("Courts generally will

consider a delay approximating one year to be presumptively prejudicial, thus warranting an examination of the other *Barker* factors.").

■ In this case, Francis was arrested on June 25, 2013. The trial in this case is scheduled for May 16, 2016. Therefore, the delay in this case is expected to be 1,056 days, or approximately 35 months. Thus, because the delay in this case will exceed one year, the Court finds that the delay is sufficient to trigger an analysis of the three remaining *Barker* factors.

### 2. Reason for the Delay

■ The second *Barker* factor, the reason for the delay, is to be given different weight based upon the nature of the reason. *United States v. Mensah-Yawson*, 489 Fed. Appx. 606, 611 (3d Cir. 2012). "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government." *Barker*, 407 U.S. at 531. However, "[a] more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.* Nonetheless, in the absence of any strong showing of bad faith or dilatory purpose by the prosecution, delays caused by the court are not heavily weighted against the government. *Gov't of the Virgin Islands v. Pemberton*, 813 F.2d 626, 628 (3d Cir. 1987). On the other hand, "[w]hen the reason for the delay originates with the defendant or his counsel, such delay will not be considered for purposes of determining whether the defendant's right to a speedy trial has been infringed." *Petsock*, 941 F.2d 253, 258 (3d Cir. 1991) (citations omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) ("Delay caused by the defendant's counsel is also charged against the defendant"). The government bears the burden to justify the delay. *Hakeem v. Beyer*, 990 F.2d 750, 770 (3d Cir. 1993).

■ The Court finds that this case was delayed for reasons not directly attributable to the People nor to the defense. There is no evidence in the record of this case that the People have deliberately attempted to delay the trial of this case. Nor is there any evidence that the People have hindered the defense in the preparation of this case. The People have not moved for any continuances or otherwise taken any action to delay the trial of this case. Similarly, there is also no evidence Francis or his counsel took any actions to delay the ordinary processing of this case. As of the date of

154

issuance of this Memorandum Opinion, this case has been pending for approximately 1,031 days. Despite the fact that the People have not taken any deliberate action to delay this case, "delays caused by the Superior Court are attributed to the government." *Brown*, 55 V.I. at 504 n.7. However, although these types of delays "are attributable to the People . . . the weight of these delays is treated as minor." *Francis v. Virgin Islands*, 63 V.I. 724, 751 (V.I. 2015). Accordingly, the Court finds that this factor weighs against a finding of a violation of Francis' right to a speedy trial.

### 3. Defendant's Assertion of His Right to a Speedy Trial

■ The third factor considers the defendant's responsibility to assert his right to a speedy trial. "The defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Id.* at 531-32. However, "[m]ere assertion of the speedy trial right is not enough for this factor to weigh in a defendant's favor." *United States v. Parker*, 505 F.3d 323, 329 (5th Cir. 2007). "Rather, an assertion of a speedy trial rights generally takes the form of 'an objection to a continuance or a motion asking to go to trial.' " *United States v. Harris*, 566 F.3d 422, 432 (5th Cir. 2009) (quoting *United States v. Frye*, 489 F.3d 201, 211 (5th Cir. 2007)).

■ Francis asserted his right to a speedy trial at his arraignment held on July 17, 2013. Francis filed the instant motion to dismiss asserting his constitutional right to a speedy trial on March 18, 2016. However, in the approximately thirty-four months that this case has been pending, Francis has not filed any motions asking to go to trial. Accordingly, the Court finds that this factor weighs against dismissal. *United States v. Thomas*, 55 F.3d 144, 150 (4th Cir. 1995) ("the failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.").

### 4. Prejudice to the Defendant

■ The fourth factor is prejudice to the defendant. This factor requires the Court to assess the interests of defendants that the speedy trial right was designed to protect which are: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the interests of the entire

system." *Id.* Furthermore, a defendant can claim prejudice without providing "affirmative proof of particularized prejudice" if the delay is excessive. *Doggett*, 505 U.S. at 655. "The burden of showing prejudice lies with the individual claiming the violation." *Hakeem*, 990 F.2d at 760.

### a. Oppressive Pretrial Incarceration

■ The restraint on liberty as a result of pretrial incarceration is severe. *Petsock*, 941 F.2d at 257. Prejudice resulting from long delays before trial is considerably greater if the defendant is incarcerated. *Id.* However, "[a]ll pretrial detention is not equally oppressive or precisely definable." *Id.* The oppressiveness of the pretrial conditions must worsen to a point where the physical or mental integrity of the accused is placed in jeopardy. *Id.* Francis was arrested on June 25, 2013, and subsequently released from pre-trial custody on July 18, 2013. The Court also approved a stipulation between the parties permitting Francis to leave his residence from Mondays to Fridays between the hours of 8:00 a.m. to 6:00 p.m. to go to work. Consequently, the Court does not find that the twenty-three days Francis spent in pretrial custody and the fact that Francis was allowed to work while this case was pending rises anywhere close to the level of "oppressive" pretrial incarceration.

### b. Anxiety and Concern of the Accused

■ Courts recognize that "[a] certain amount of anxiety and other forms of personal prejudice to the accused is inevitable in a criminal case." *United States v. Dreyer*, 533 F.2d 112, 116 (3d Cir. 1976). However, when evaluating defendant's claim of a violation of his right to a speedy trial, anxiety must extend to a level "beyond that which 'is inevitable in a criminal case.' " *Hakeem*, 990 F.2d at 762 (citing *Dreyer*, 533 F.2d at 116). "In order to reach that level, the petitioner must produce evidence of psychic injury." *Hakeem*, 990 F.2d at 762. Psychic injury can be demonstrated by showing "some objective manifestation of distress." *Burkett v. Fulcomer*, 951 F.2d 1431, 1443-44 (3d Cir. 1991). "Vague allegations of anxiety are insufficient to state a cognizable claim." *Hakeem*, 990 F.2d at 762.

In *Burkett*, the Third Circuit found the defendant suffered anxiety beyond that which is inevitable in a criminal case. *Burkett*, 951 F.2d at 1444. The court found that the delay in the criminal case caused the defendant to suffer lack of sleep, loss of appetite, loss of companionship

and emotional distress. *Id.* Although the Third Circuit ultimately denied the defendant's claim of a violation of his right to a speedy trial, the court found that the defendant was able to show anxiety that resulted in objective manifestations of distress that weighed in favor of his violation of the right to a speedy trial claim.

Here, Francis has not argued, nor has he provided any evidence, that he has suffered any psychological injuries or any other objective manifestations of distress as a result of this criminal prosecution. Thus, the Court finds that Francis has not suffered anxiety that extends beyond that which is inevitable in a criminal case. *See Pemberton*, 813 F.2d at 629-30 (denying claim of violation of right to a speedy trial where defendant, *inter alia*, failed to produce evidence of a specific psychological disorder resulting from the anxiety of incarceration).

### c. The Possibility that the Defense Will be Impaired

██ The "impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown.' " *Doggett*, 505 U.S. at 655 (citing *Barker*, 407 U.S. at 532). Prejudice may be evident if witnesses are unable to recall accurately events of the distant past. *Barker*, 407 U.S. at 532 ("Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown"). The Supreme Court, however, has stressed that "if witnesses die or disappear during a delay, the prejudice is obvious." *Barker*, 407 U.S. at 532.

Francis has not argued, nor has he suggested, that his defense has been prejudiced in any way. There is no evidence any of his potential witnesses died, suffered memory loss, or are otherwise unavailable to testify. Accordingly, the Court finds that Francis has failed to demonstrate that the delay in this case impaired his ability to defend himself in this criminal proceeding. *See United States v. Cain*, 671 F.3d 271, 297 (2d Cir. 2012) (opining that prejudice not established where defendant failed to identify any lost witnesses or evidence or showed increased risk of such loss due to delay).

██ As mentioned above, a defendant can also demonstrate prejudice without the need to show affirmative proof of prejudice if the delay is excessive. In *Hakeem*, the Third Circuit opined that a delay of "fourteen and one-half months . . . is insufficient to allow an inference of prejudice solely from the length of the delay." *Hakeem*, 990 F.2d at 764.

Conversely, in *Battis*, the Third Circuit found that a 45-month delay raised a presumption of prejudice. *Battis*, 589 F.3d at 682-83. Other courts have held that delays caused by the prosecution which exceed two years are presumptively prejudicial. *See United States v. Ingram*, 446 F.3d 1332, 1339 (11th Cir. 2006) (holding that a two-year, post-indictment delay presumptively prejudicial); *United States v. Erenas-Luna*, 560 F.3d 772, 780 (8th Cir. 2009) (holding three-year delay between indictment and arraignment caused by "the serious negligence of the government" presumptively prejudicial). The delay between Francis' arrest and the date of trial will be approximately thirty-five months. Because, "[e]xcessive delay presumptively compromises the reliability of trial in ways neither party can prove or, for that matter, identify," *Francis*, 63 V.I. at 754, the Court finds that the 1,056 day (approximately 35 months) delay in this case is presumptively prejudicial. *Accord, United States v. Ferreira*, 665 F.3d 701, 706-08 (6th Cir. 2011) (holding that 35-month delay created a presumption of prejudice without demonstration of specific cause).

However, "presumptive prejudice . . . is insufficient to prove a Sixth Amendment speedy trial violation." *Francis*, 63 V.I. at 754. Francis must show that "substantial prejudice" resulted from the delay. *Id.* (opining that while defendant "may have suffered some prejudice due to his pre-trial incarceration, he is unable to point to a particular prejudice impacting his ability to receive a fair trial, so we do not regard his near 15-month incarceration as resulting in substantial prejudice"); *see also Ferreira*, 665 F.3d at 706 ("The final factor requires a defendant to show that substantial prejudice has resulted from the delay.") (internal quotations omitted). While it is possible that Francis suffered some prejudice from the 35-month delay that this case has been pending, he has not been able to point to any particular prejudice impacting his ability to receive a fair trial. *See Taylor v. State*, 162 So. 3d 780, 787 (Miss. 2015) (holding that "unquestionable lack of actual prejudice" weighs against a finding of a speedy trial violation). As noted by the United States Supreme Court, "delay is a two-edged sword. It is the government that bears the burden of proving its case beyond a reasonable doubt. The passage of time may make it difficult or impractical for the government to carry its burden." *Loud Hawk*, 474 U.S. at 315. Thus, the delay in this case could work against the prosecution as well. It is the People that must prove Francis guilty of all of the charges beyond a reasonable doubt. The Court cannot

find that, based on the record thus far, Francis has suffered substantial prejudice that would impair his ability to receive a fair trial.

## III. CONCLUSION

After a consideration of the *Barker* factors, the Court concludes that the People have not violated Francis' Sixth Amendment right to a speedy trial. Although this case will be pending for approximately 35 months at the time of trial, Francis was in pre-trial custody for only 23 days of that 35-month period. Francis has not been persistent in asserting his right to a speedy trial and filed the instant motion to dismiss less than two months before his trial date. Additionally, the delays associated with this case were not directly attributable to the People and there is no indication, at this time, that Francis will suffer substantial prejudice due to the length of this delay. Accordingly, the Court will deny Francis' motion to dismiss. An appropriate Order follows.